

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00180-CR
No. 07-17-00181-CR
No. 07-17-00182-CR
No. 07-17-00183-CR

RANDY STEVEN CASTILLO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 25,722-C, Counts I - IV; Honorable Bradley S. Underwood, Presiding

July 31, 2017

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Randy Steven Castillo was convicted of two counts of sexual assault of a child[1] and two counts of aggravated sexual assault of a child.[2]   He was sentenced to ten years imprisonment for each count of sexual assault and fifteen years imprisonment

---

[1] TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011).

[2] TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2016).

for each count of aggravated sexual assault, with the sentences to run concurrently. Appellant's retained counsel filed a notice of appeal from the trial court's judgments.

The clerk's record and reporter's record were due on June 27, 2017, but were not filed. On June 26, the reporter notified the Court that appellant had not requested preparation or made acceptable payment arrangements for the reporter's record. *See* TEX. R. APP. P. 35.3(b)(2), (3). By letter that day, we directed appellant to request preparation and make acceptable payment arrangements for the reporter's record by July 7. Failure to do so, we advised, could result in the appeals being abated and the causes remanded to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). We granted the clerk and reporter an extension of time to file the appellate record to July 27. On July 7, appellant's counsel notified the Court that he had filed a motion for the appellate record to be furnished without charge in the trial court on May 30, but the motion had only recently been forwarded to the trial court. To date, the trial court has not ruled on appellant's motion and appellant has not made payment arrangements for the clerk's record or reporter's record.

Accordingly, we abate the appeals and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). On remand, the trial court shall utilize whatever means it finds necessary to determine the following:

(1)     whether appellant desires to prosecute the appeals;

(2)     if appellant desires to prosecute the appeals, whether appellant is indigent;

(3)     whether appellant is entitled to have the clerk's record and reporter's record furnished without charge;

2

(4)     if appellant is not entitled to have the clerk's record and reporter's record furnished without charge, the date appellant will make acceptable payment arrangements for the appellate record; and

(5)     what orders, if any, should be entered to assure the filing of appropriate documentation to dismiss appellant's appeals if appellant does not desire to prosecute the appeals, or, if appellant desires to prosecute the appeals, to assure that the appellate record will be filed promptly and that the appeals will be diligently pursued.

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects.   Additionally, the trial court shall cause to be developed 1) a clerk's record containing the findings of fact and conclusions of law, and 2) a reporter's record transcribing the evidence and argument presented at any hearing held.   The trial court shall cause the supplemental record, if any, to be filed with the clerk of this Court on or before August 30, 2017.   Should additional time be needed to perform these tasks, the trial court may request same on or before that date.

It is so ordered.

Per Curiam

Do not publish.

3